UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
**MEI LI**,
:
:
Plaintiff,
: **MEMORANDUM DECISION AND**
– against – : **ORDER**
:
: 24-CV-6595 (AMD)
**MERRICK B. GARLAND, ALEJANDRO** :
**MAYORKAS, UR M. JADDOU, PATRICIA**
**MENGES**, :
:
Defendants. :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On September 18, 2024, the plaintiff, proceeding *pro se*,[1] filed this action alleging that U.S. Citizenship and Immigration Services has unduly delayed adjudication of her I-589 application, and seeking an order "to compel the [defendants] to fulfil their public and statutory duties to overcome the delays." (ECF No. 1 at 4.) The Court instructed the defendants to show cause as to why the petition should not be granted. (ECF No. 7.) The defendants argue that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), on mootness grounds, because the defendants have already scheduled an interview and issued the plaintiff an interview notice. (ECF No. 9 at 2–3; ECF No. 9-1, Ex. A, Interview Notice to Attorney of Record on the I-589 Application; ECF No. 9-2, Ex. B, Interview Notice to Plaintiff.)

---

[1] The government asked the Court to direct the plaintiff to clarify whether she was represented by counsel because "the mailing address provided by Plaintiff . . . belongs to an immigration attorney," and the same address has been "listed as the contact information for purportedly *pro se* plaintiffs in at least ten other cases commenced" in the Eastern District. (ECF No. 9 at 3–4.) The Court directed the plaintiff "to clarify in a letter to the Court whether she is represented by counsel." (*ECF Order dated April 2, 2025*.) The plaintiff did not comply with that order or otherwise respond to the government's request to dismiss the action as moot. The Court treats the plaintiff as a *pro se* litigant because no attorney has appeared on her behalf and because it does not alter the legal analysis of her claims.

For the reasons that follow, the action is dismissed without prejudice.

## LEGAL STANDARD

Under Article III of the U.S. Constitution, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *Defunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *Liner v. Jafco*, 375 U.S. 301 (1964)). "For a federal court to have jurisdiction over a case, an actual controversy must exist." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018). Accordingly, "[w]hen a court is presented with issues that 'are no longer live' or when the parties 'lack a legally cognizable interest in the outcome,' the case is moot and, therefore, outside the federal court's jurisdiction." *Hunter v. Colonial Park, Superintendent*, 409 F. App'x 411, 411 (2d Cir. 2011) (quoting *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 354 F.3d 120, 122–23 (2d Cir. 2003)). As relevant here, an action asking a court to direct a federal official to perform an act that the official has already performed is moot. *See Sadiku v. Dep't of Homeland Sec.*, No. 20-CV-3241, 2022 WL 173109, at *2 (E.D.N.Y. Jan. 18, 2022); *Aizah v. Holder*, 12-CV-6020, 2013 WL 1282345, at *1 (E.D.N.Y. March 28, 2013); *Barrett v. United States*, 105 F.3d 793 (2d Cir. 1997).

## DISCUSSION

The Court construes the *pro se* plaintiff's petition liberally to raise claims under the Administrative Procedure Act and the Mandamus Act. Under either statute, the plaintiff's case is moot, and therefore the Court lacks subject matter jurisdiction over this action.

The APA provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). It further requires courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). Courts in this district have uniformly understood this statutory language to provide individuals with a private right of action

to challenge unreasonable delays in the government's adjudications of visa and asylum applications. *See, e.g.*, *Meixian Ye v. Kelly*, No. 17-CV-3010, 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017) (describing APA and mandamus actions in this district).

Under the Mandamus Act, 28 U.S.C. § 1361, a district court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief, however, "is intended to provide a remedy for a plaintiff . . . only if the defendant owes him a *clear nondiscretionary* duty." *Gulotti v. Holder*, 486 F. App'x 219, 221 (2d Cir. 2012) (emphasis in original) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

The defendants scheduled the plaintiff's interview for June 8, 2026, and issued notice of the interview on March 18, 2025. (ECF No. 9-1; ECF No. 9-2.) This is precisely the relief that the plaintiff requests. Indeed, "the issuance of an interview notice renders a suit to compel adjudication of an immigration application as moot." *Long v. Garland*, No. 22-CV-6652, 2023 WL 6930674, at *1 (E.D.N.Y. Oct. 19, 2023) (collecting cases). Because the defendants have already done what the plaintiff asks the Court to order them to do, this Court cannot grant her any relief.

## CONCLUSION

Since the plaintiff's claim is moot, the Court does not have subject matter jurisdiction over this action. Accordingly, the plaintiff's petition is dismissed without prejudice. The Clerk of Court is respectfully directed to close this case and enter judgment.

3

**SO ORDERED.**

  s/Ann M. Donnelly
  ANN M. DONNELLY
  United States District Judge

Dated: Brooklyn, New York
       October 6, 2025